NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0511n.06
Case No. 19-5809

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Sep 01, 2020

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOHN BRADLEY LOWERY, | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| MIKE PARRIS, | ) | |
| Respondent-Appellee. | ) | |

BEFORE: BOGGS, DONALD, and THAPAR, Circuit Judges.

PER CURIAM. A jury convicted John Lowery of murder and attempted murder after finding that he shot two people in Knoxville, Tennessee. Many years later, the two eyewitnesses who provided crucial evidence for the prosecution recanted their trial testimony. Another witness also came forward and swore that she didn't see Lowery during the shooting. Based on these revelations, Lowery sought relief in state court (unsuccessfully) and then in federal district court (also unsuccessfully). As relevant here, the district court denied relief after concluding that Lowery's claims were barred by the statute of limitations.[1] Because the district court erred in reaching that conclusion, we vacate and remand for further proceedings.

---

[1] The district court also noted that it could grant the government's motion to dismiss because the petitioner failed to file a timely response to the government's motion. But the petitioner did ultimately respond, and the district court considered that response when considering Lowery's motion for relief from judgment. In any event, on appeal, the government doesn't argue that we should affirm on this alternative ground, so we need not consider it. Fed. R. App. P. 28(a)(8), (b); *United States v. Ford*, 184 F.3d 566, 578 n.3 (6th Cir. 1999).

Habeas petitioners like Lowery generally must raise their claims before the one-year statute of limitations expires. *See* 28 U.S.C. § 2244(d)(1). Lowery admits that he did not comply with the statute of limitations because he filed his habeas petition more than sixteen years after the one-year period elapsed.

But that's not the end of the matter. That's because prisoners who allege that they are actually innocent may sometimes bypass the statute of limitations and receive a merits adjudication of their habeas petition. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Under the actual-innocence exception, the petitioner must present "new reliable evidence"—such as "trustworthy eyewitness accounts"—"that was not presented at trial." *Schlup*, 513 U.S. at 324.

Lowery tried to get around the statute of limitations by raising an actual-innocence claim and pointing to the three new affidavits. But as the district court saw it, the actual-innocence exception was unavailable because those affidavits didn't qualify as "new evidence." Those affidavits weren't new, the district court reasoned, because Lowery presented them in state court during his recent coram nobis proceedings. So the district court held that the petition was barred by the statute of limitations and thus denied relief.

That was an error. Admittedly, courts have struggled to define what qualifies as new evidence. Some courts treat all evidence as new so long as it was not presented at trial. *See, e.g.*, *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003). Other courts maintain that evidence is new only if it was unavailable at the time of the trial. *See, e.g.*, *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008). But whatever new evidence means, the district court erred by concluding that evidence presented to state courts categorically does not qualify. After all, federal law *requires* habeas petitioners to exhaust their claims in state court before seeking relief in federal

court.  28 U.S.C. § 2254(b)(1)(A).  So it makes little sense to define "new evidence" in a way that precludes habeas petitioners who follow exhaustion requirements from obtaining relief.

That's not to say that the three affidavits *do* qualify as new evidence.  Maybe they do, maybe they don't.  We leave that to the district court to decide in the first instance.  All we decide today is that the district court erred by finding that the evidence wasn't new simply because it was originally presented in state court during the coram nobis proceedings.

For these reasons, we vacate and remand.